# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RICKEY EVANS (#108026)**  CIVIL ACTION NO.

**VERSUS**  19-595-JWD-EWD

**LUKE RHEAMS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (#108026)                          CIVIL ACTION NO.

VERSUS                                          19-595-JWD-EWD

LUKE RHEAMS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Based on the screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that all claims of Rickey Evans ("Plaintiff") against Carl Smith ("Smith"), Edward Russ ("Russ"), Tyrone Kelly ("Kelly"), Darrel Vannoy ("Vannoy"), and James M. LeBlanc ("LeBlanc"), as well as Plaintiff's official capacity claims against Luke Rheams ("Rheams"), be dismissed with prejudice for the following reasons.

### I.    Background

Plaintiff alleges that on February 27, 2018, excessive amounts of chemical spray were used on his tier against another inmate and that the use of this spray under the special circumstances described violated Plaintiff's Eighth and Fourteenth Amendment rights.[1] Plaintiff specifically alleges that the actions of prison officials Smith, Russ, Kelly, Vannoy, LeBlanc and Rheams constituted cruel and unusual punishment and deliberate indifference that warrant declaratory, injunctive, and monetary relief.[2]

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 7. Plaintiff also alleges in a conclusory fashion that his rights to due process and equal protection were violated, but because Plaintiff does not plead any facts relevant to these claims, such claims are not discussed further.

## II.     Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[3] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon an unquestionably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

---

[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was originally granted permission to proceed *in forma pauperis* on October 11, 2019. (R. Doc. 7). However, upon it appearing that Plaintiff did not have the funds to pay the initial partial filing fee, the Court vacated the original Order granting pauper status and issued a new Order on March 10, 2020, again granting pauper status but deferring payment of the filing fee. (R. Doc. 13).
[4] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton,* 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

2

Procedure.[8] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

### B. Plaintiff's Claims against James LeBlanc and Darrel Vannoy Should be Dismissed

It appears Plaintiff's claims against LeBlanc and Vannoy center around their roles as Secretary of the Department of Public Safety and Corrections and Warden at LSP, respectively. To the extent Plaintiff seeks to hold LeBlanc and Vannoy liable for their supervisory roles, such a claim fails.

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that result in plaintiff's injury.[13] An allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat*

---

[8] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*
[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[13] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

*superior* is insufficient to state a claim under § 1983.[14] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[15] As to policy implementation, as supervisor can be held liable only if he implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights, such that it is the moving force behind a constitutional violation.[16] Plaintiff does not make any allegation that LeBlanc or Vannoy were personally involved in the discharge of chemical spray, about which he complains, nor does he make any allegations regarding any policies that may or may not be in place. Considering the lack of personal involvement and lack of allegations of unconstitutional policies implemented by LeBlanc and Vannoy, they cannot be held liable pursuant to § 1983 and should be dismissed.[17]

### C. All Claims against Carl Smith, Edward Russ and Tyrone Kelly, Official Capacity Claims Against Luke Rheams, and Claims for Injunctive Relief Should Be Dismissed

Plaintiff claims that Smith, Russ, Kelly, and Rheams arrived on the Jaguar-3-Right-tier, where Plaintiff is housed, in response to a disturbance caused by another inmate on the tier.[18] Rheams ordered Smith to retrieve chemical agents, and Smith, in turn, ordered Kelly to do so.[19] Plaintiff alleges that while chemical agents were being retrieved, he advised Rheams, both verbally

---

[14] *See Iqbal*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[15] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[16] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[17] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[18] R. Doc. 1, p. 4.
[19] R. Doc. 1, p. 4.

4

and by showing him medical documentation, that Plaintiff is adversely affected by chemical agents and that he has a standing medical duty status that prohibits his exposure to chemical agents.[20] Due to Plaintiff's medical status, he requested to be removed from the tier before chemical agents were used against the other inmate. According to Plaintiff, "Rheams flat out denied plaintiff's request, ignoring both the plaintiff's medical exception, health and safety."[21] Rheams allegedly proceeded to spray "unnecessary and excessive amounts of chemical agents into the complaining inmate's cell and out onto the open tier."[22] Rheams and Smith both sprayed chemical agents into the other inmate's cell and into the tier in general.[23] Plaintiff avers that, because it was February, the windows were kept closed, so the chemical agents stayed stagnant on the tier.[24] The use of the chemical agents allegedly caused Plaintiff to become violently sick, which included vomiting; dry-heaving; burning in his throat; itchy skin; painful, burning, and irritated eyes; headache; and dizziness.[25]

As Plaintiff was not the intended subject of the chemical spray, and was rather only exposed to the chemical agents second hand, his claim does not sound in excessive force but is a claim regarding conditions of confinement.[26] In evaluating a conditions of confinement claim, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle v. Gamble*.[27] A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when the

---

[20] R. Doc. 1, p. 5.
[21] R. Doc. 1, p. 5.
[22] R. Doc. 1, p. 5.
[23] R. Doc. 1, p. 5.
[24] R. Doc. 1, p. 5.
[25] R. Doc. 1, p. 5.
[26] *See Winfrey v. Vannoy*, No. 16-806, 2019 WL 3308427 (M.D. La. June 6, 2019) (second-hand exposure to chemical spray does not state a claim for excessive force).
[27] 429 U.S. 97 (1976). *See Wilson v. Seiter*, 501 U.S. 294 (1991).

5

official in fact draws that inference.[28] Accordingly, in order to establish an Eighth Amendment violation in the instant case, Plaintiff must allege and show that Smith, Russ, Kelly, and Rheams were subjectively aware of a substantial risk of serious harm to Plaintiff and ignored the risk.

A similar claim was analyzed in *Bernard v. LeBlanc*.[29] In *Bernard*, the plaintiff claimed he was exposed to a chemical agent when officers responded to a disturbance caused by his cellmate and as a result of the disturbance, used chemical agents against the plaintiff's cellmate in order to gain compliance.[30] Although the chemical agent was directed towards the plaintiff's cellmate, the plaintiff still suffered from the ill-effects of exposure.[31] This Court noted as follows:

> [T]here is insufficient evidence to support a finding that the defendant intended to cause the plaintiff harm. It is undisputed that the chemical agent which was utilized in the plaintiff's cell on September 1, 2009, was principally directed at the co-inmate who had admittedly caused a disturbance on the cell tier and had thrown a food tray out into the tier hallway. The plaintiff concedes that the co-inmate was responsible for causing this disturbance and, accordingly, effectively concedes that the chemical agent to which the plaintiff was exposed was, for the most part if not entirely, directed at the co-inmate. Accordingly, the plaintiff's exposure was largely indirect and purely secondary to the defendant's action in responding to the co-inmate's actions.[32]

Accordingly, exposure to chemical agent, when that chemical agent is being used properly to gain compliance of another inmate, does not rise to the level of a constitutional violation. However, the *Bernard* opinion went on to note that there were no allegations that the plaintiff had "advised the defendant prior to the application of irritant spray—or that the defendant was otherwise

---

[28] *Farmer v. Brennan*, 511 U.S. 825 (1994).
[29] No. 10-545, 2011 WL 6293930 (M.D. La. Oct. 26, 2011), *report and recommendation adopted*, 2011 WL 6294480 (M.D. La. Dec. 15, 2011).
[30] *Id.*
[31] *Id.*
[32] *Id.* at *3.

6

aware—that the plaintiff required special treatment or accommodation, for medical reasons or otherwise, prior to the use of the irritant spray."[33]

As in *Bernard*, here the use of chemical agents was directed towards another inmate who was causing a disturbance. Without more, there is no claim of constitutional dimension. Plaintiff has failed to state a claim against Russ or Kelly. He has not alleged that Russ or Kelly sprayed any chemical agent, nor that Russ or Kelly were aware of any special accommodation needed due to Plaintiff's medical duty status.[34] Similarly, although Plaintiff alleges that Smith sprayed chemical agent, because Plaintiff does not allege that Smith was aware of Plaintiff's medical duty status, he has failed to allege sufficient facts to show that Smith could be held liable for deliberate indifference. Rheams is the only Defendant alleged to have sprayed chemical agent, who knew Plaintiff's medical duty status.[35] Considering the caveat noted in *Bernard*, if an inmate-plaintiff advises an officer and provides evidence of a specific risk or requirement for special accommodation, the use of the chemical agent in the inmate-plaintiff's presence may rise to the level of a constitutional violation. Plaintiff's allegations against Rheams are sufficient to state a claim for deliberate indifference at this point. Although Plaintiff has stated a claim against Rheams, his official capacity claims for monetary damages against Rheams are also subject to dismissal.

42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[36] In addition, in *Hafer*

---

[33] *Id.*
[34] To the extent Plaintiff attempts to assert a failure to protect claim against Russ or Kelly, such a claim is also analyzed under a deliberate indifference standard. *See Carter v. Farret*, No. 19-422, 2020 WL 949202, at *2 (M.D. La. Feb. 14, 2020). Plaintiff's failure to allege that Russ or Kelly had knowledge of any special needs Plaintiff had regarding use of chemical agent also forecloses a failure to protect claim.
[35] R. Doc. 1.
[36] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

*v. Melo*,[37] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[38] Accordingly, Plaintiff's § 1983 official capacity claims asserted against Rheams for monetary damages are subject to dismissal.

Plaintiff's claims for injunctive relief should also be dismissed. Plaintiff requests that this Court "[e]njoin the defendants, their supervisors, colleagues, subordinates, agents, associates, and/or representatives from any further forms of unlawful retaliation, directly or indirectly, against the plaintiff for his good-faith exercise of his Constitutional Rights to access to the Courts and all other such Rights." Plaintiff has not alleged any facts indicating he has been threatened with retaliatory measures.[39] Further, if any retaliatory acts occurred, they would have to be the subject of a separate lawsuit after administrative remedies were fully exhausted pursuant to 42 U.S.C. § 1997e.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that all Plaintiff's federal claims against James LeBlanc, Darrell Vannoy, Carl Smith, Edward Russ, and Tyrone Kelly; Plaintiff's claims against Luke Rheams for monetary damages in his official capacity; and Plaintiff's claims for injunctive relief be **DISMISSED, WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that supplemental jurisdiction be declined over any state law claims asserted against James LeBlanc, Darrell Vannoy, Carl Smith, Edward Russ,

---

[37] 502 U.S. 21 (1991).
[38] *Id.* at 25.
[39] *See Stevens v. Heard*, 674 F.2d 320, 324 (5th Cir. 1982).

and Tyrone Kelly if the recommendation is adopted to dismiss all federal claims as to these defendants.

**IT IS FURTHER RECOMMENDED** that this matter be referred to the magistrate judge for further proceedings on Plaintiff's remaining claims for declaratory relief and monetary damages against Luke Rheams in his individual capacity for the conditions of confinement to which Plaintiff was exposed on February 27, 2018. An Order regarding service of process will be issued separately.

Signed in Baton Rouge, Louisiana, on May 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**