# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RICKEY EVANS (#108026)**  CIVIL ACTION NO.

**VERSUS**  19-595-JWD-EWD

**LUKE RHEAMS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 4, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (#108026)                                    CIVIL ACTION NO.

VERSUS                                                              19-595-JWD-EWD

LUKE RHEAMS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss ("Motion"),[1] filed by the sole remaining defendant, Luke Rheams ("Defendant"). The Motion is opposed.[2] Because Plaintiff's claims are prescribed, it is recommended that the Motion be granted, and that the remaining claims in the suit be dismissed.

### I.    Background

Plaintiff alleges that on February 27, 2018, excessive amounts of chemical spray were used on his tier against another inmate and that the use of this spray under the special circumstances described violated Plaintiff's Eighth and Fourteenth Amendment rights.[3] Plaintiff originally brought this action against James LeBlanc, Darrell Vannoy, Carl Smith, Edward Russ, Tyrone Kelly, and Luke Rheams. All Defendants but Luke Rheams were dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A in a prior ruling; additionally, Plaintiff's claims for injunctive relief were

---

[1] R. Doc. 24. The Motion also includes the alternative request for relief, which asks that this Court vacate Plaintiff's pauper status. In this case, docket records do not clearly reflect the basis for dismissal, so Defendant bore the burden of producing "court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was frivolous, malicious or failed to state a claim." *Abreu v. Braga*, No. 09-763, 2011 WL 3667445, at *1 (E.D. Cal. Aug. 22, 2011). Defendant has failed to carry that burden. *Rickey Evans v. Michael R. Brown, et al*, No. 96-60 (M.D. La.), cited by Defendant, was not clearly dismissed as frivolous on the face of the docket sheet. Further, *Rickey Evans v. Bryan Ready*, No. 99-1032 (M.D. La.), also cited by Defendant as a frivolous dismissal, was not a dismissal made under 28 U.S.C. § 1915; rather, only a portion of those claims were dismissed on screening pursuant to § 1915 (No. 99-103, R. Docs. 20-22), the remainder of the claims were dismissed on a motion for summary judgment, such that the dismissal does not count as a "strike." *See* No. 99-1032, R. Docs. 53-55; *Brown v. Megg*, 857 F.3d 287, 291-92 (5th Cir. 2017) (vacating strike imposed by the district court because some claims survived the pleading stage).
[2] R. Doc. 28.
[3] R. Doc. 1.

dismissed.⁴  The only remaining claims are Plaintiff's claims for declaratory relief and monetary damages against Luke Rheams in his individual capacity for the conditions of confinement to which Plaintiff was exposed on February 27, 2018.⁵

## II.    Law & Analysis

### A.  Standard of Review

In *Bell Atlantic Corp. v. Twombly*,⁶ and *Ashcroft v. Iqbal*,⁷ the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."⁸  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"⁹  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."¹⁰  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"¹¹  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"¹²

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."¹³  Further, "[a] document

---

⁴ R. Docs. 14 & 16.
⁵ R. Docs. 14 & 16.
⁶ 550 U.S. 544 (2007).
⁷ 556 U.S. 662 (2009).
⁸ *Twombly,* 550 U.S. at 555.
⁹ *Iqbal,* 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.
¹⁰ *Id.*
¹¹ *Id.* at 679.
¹² *Id.* at 678 (internal quotation marks omitted).
¹³ *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[14] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[16] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[17] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[18]

### B. Plaintiff's Claims are Prescribed

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period."[19] In Louisiana, the relevant prescriptive period is one year.[20] State law also governs tolling, unless the state provisions regarding tolling are inconsistent with federal law.[21] Though the Louisiana prescriptive period of one year applies to Plaintiff's claims, federal law governs when his claims accrued.[22] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[23] "A

---

[14] *Id.* (citation omitted).
[15] Fed. R. Civ. P. 8(a)(2).
[16] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[17] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[18] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[19] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed. Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[20] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002).
[21] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[22] *Harris*, 198 F.3d at 157.
[23] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).

3

plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[24]

The incident giving rise to this Complaint occurred on February 27, 2018,[25] and Plaintiff does not contest that he knew of the facts giving rise to his Complaint on this date.  Accordingly, the one-year prescriptive period began to run on February 28, 2018.[26]  However, because Plaintiff was required to exhaust administrative remedies prior to filing suit by filing a grievance through the administrative remedy process (an "ARP"), the Court must take into account the time period Plaintiff had an ARP properly pending.  Prescription is suspended while an ARP is pending because of the statutorily created impediment to filing suit, which requires an inmate to exhaust his claims prior to filing.[27]

Plaintiff filed his ARP at the first step on May 23, 2018, and he received his second step response on September 5, 2018.[28]  Giving Plaintiff the full benefit of the doubt and presuming prescription was suspended from May 23, 2018 through September 5, 2018, Plaintiff's claims are still prescribed.  The filing of an ARP only tolls or suspends, and does not interrupt, the running of the prescriptive period.[29]  Thus, this Court is required to count against Plaintiff the passage of days that elapsed both before the filing of the ARP and after the conclusion of the administrative proceedings.[30]

---

[24] *Id.* (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[25] R. Doc. 1, p. 4.
[26] The date of the incident is not counted towards the prescriptive period.  *See Hitchen v. Southeast Community Health Systems*, No. 11-1029, 2012 WL 4324942, at *4 (E.D. La. Sept. 20, 2012).
[27] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013).
[28] R. Doc. 1, p. 3.
[29] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered.").
[30] *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La.App. 1st Cir. 2006).

4

Plaintiff argues that prescription began to run anew from the date he received the second step response to his ARP.[31] Plaintiff has confused the doctrines of suspension and interruption. Interruption of the prescriptive period not only stops the running of prescription, it annuls the commenced prescription so that after the interruption ceases, a new prescription must commence.[32] In other words, when the condition causing interruption ceases, prescription begins to run anew. In contrast to an interruption, though a period of suspension is not counted towards the accrual of prescription, the time that accrued prior to the period of suspension is counted in addition to the time that accrues after the suspension ceases.[33] "In other words, … the clock merely stops running during the suspension and thereafter the obligee has only so much of the one year as was remaining when the suspension began."[34] Filing of an ARP *suspends* the prescriptive period; it does not *interrupt* it.[35]

Accordingly, because prescription was only suspended, and not interrupted, the 84 days from February 28, 2018 to, but not including, May 23, 2018, when Plaintiff filed his grievance is counted towards the prescriptive period. On May 23, 2018 through September 5, 2018, when Plaintiff received the second step response to his ARP, prescription was suspended. From September 6, 2018 to the date Plaintiff filed this action on September 4, 2019,[36] another 363

---

[31] R. Doc. 28, pp. 8-9.
[32] *LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226, 1229.
[33] *Adams*, 934 So.2d at 725-26.
[34] *Id*.
[35] La. R.S. 15:1172(E). Plaintiff's reliance on *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999) is misplaced. In *Harris*, the plaintiff filed an ARP on October 24, 1996--the date he began to experience renewed problems with medical treatment he had received. His grievance remained pending until July 14, 1997 and he filed suit in federal district court on March 25, 1998. Although the *Harris* court found the plaintiff's claims timely, that case does not stand for the proposition that prescription is interrupted, rather than suspended, during the grievance process. Indeed, applying the rules of suspension set out in the Report and Recommendation to the facts of *Harris* would yield the same result reached in that case--Harris's claims, unlike Plaintiff's, were timely because no time elapsed from the date of the incident about which he complained before he filed the ARP.
[36] Although the Complaint was not docketed until September 9, 2019, it is considered filed as of September 4, 2019. Pursuant to the prison mailbox rule, which generally applies to the filing of pleadings submitted to courts by Louisiana pro se inmates, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received

5

elapsed that counted towards the accrual of prescription. Thus, in total, 447 days elapsed prior to the filing of the instant suit. Accordingly, because the prescriptive period is 365 days, Plaintiff's claims are prescribed and should be dismissed with prejudice.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Dismiss filed on behalf of Luke Rheams be **GRANTED** and that the remaining claims in this matter be **DISMISSED WITH PREJUDICE** as Plaintiff's claims are prescribed.

Signed in Baton Rouge, Louisiana, on June 4, 2021.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). As Plaintiff's Complaint is dated September 4, 2019, it will be considered filed as of that date, although it is not postmarked until September 7, 2019. R. Doc. 1.